IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:98–CR–6–BO–1
NO. 5:14–CV–277–BO

| | |
|---|---|
| EPHRIAM BYNUM, JR., <br> Petitioner, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) <br> )    **ORDER** <br> ) <br> ) <br> ) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 79] and the government's motion to dismiss [DE 84]. For the following reasons, the government's motion to dismiss is granted and petitioner's § 2255 is dismissed. Also pending on the docket are petitioner's motion to correct presentence report [DE 71] and the government's motion to dismiss [DE 74]. These motions are denied as moot.

## BACKGROUND

On January 20, 1998, a federal grand jury in the Eastern District of North Carolina indicted petitioner Ephriam Bynam, Jr. and charged him with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (count one), and one count of use of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c) (count two). [DE 1]. On May 11, 1998, Mr. Bynum pled guilty pursuant to a written plea agreement to both counts of the indictment. [DE 31]. He was sentenced by this Court to a total term of 235 months' imprisonment on July 29, 1998. [DE 36]. He received a sentence of 175 months on count one and 60 months to run consecutive on count two, for a total sentence of 235 months. [*Id.*]. Mr. Bynum did not appeal.

On October 11, 2013, Mr. Bynum filed a motion to correct his presentence report. [DE 71]. The Court gave him notice that the motion would be construed as a motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 by order dated March 24, 2014, and gave him thirty days to confirm or deny his intent to file a § 2255 motion. [DE 77]. In response, Mr. Bynum filed a § 2255 motion seeking to vacate his sentence. [DE 79]. First, he argues that his guidelines were erroneously calculated at sentencing and, in the alternative, that his sentence should be adjusted based on subsequent amendments to the sentencing guidelines. Second, Mr. Bynum argues that his counsel was constitutionally ineffective for failing to challenge the allegedly wrongly-applied enhancements. Third, he argues that his conviction for both bank robbery and using and carrying a firearm during and in relation to a crime of violence violates double jeopardy. In response, the government moved to dismiss Mr. Bynum's § 2255.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). When considering a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted). Additionally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *See, e.g.,* Fed. R. Evid. 201; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In reviewing a § 2255, the Court is not limited to the motion itself, but may consider "the files and records of the case." 28 U.S.C. § 2255(b).

"[B]y its terms, § 2255 does not allow for a court's consideration and correction of every alleged sentencing error." *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), *cert. denied* 135

2

S.Ct. 2850 (2015). A petitioner seeking relief under § 2255 must make one of four types of arguments:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. If the alleged sentencing error is neither constitutional nor jurisdictional, the district court lacks authority to review it unless it is "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333 (1974).

It is axiomatic that "errors or guideline interpretation or application ordinarily fall short of a miscarriage of justice." *Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). Recently, the Fourth Circuit explicitly held that an erroneous "career offender designation [is] not a fundamental defect that inherently results in a miscarriage of justice" such that it would be cognizable on collateral review. *Foote*, 784 F.3d at 940. In light of *Foote*, Mr. Bynum's argument that he was erroneously sentenced as a career offender [DE 79–1 at 3] is not cognizable on collateral review. The Court also concludes that Mr. Bynum's argument that his criminal history score was erroneously increased by two levels [*Id.* at 2] and that his sentence should be adjusted based on an amendment to the sentencing guidelines [*Id.* at 4–5] are not cognizable on collateral review. *See Foote*, 784 F.3d at 942. ("[W]e would be remiss to place an erroneous Guidelines classification under an advisory scheme in the same category as a violation of a statute or constitutional provision."). Accordingly, his claims regarding the miscalculation of his guidelines must be dismissed.

The Court next considers Mr. Bynum's remaining claims: ineffective assistance of counsel and violation of the double jeopardy clause. A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of

3

conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Giving petitioner the benefit of the doubt, his § 2255 was filed on October 11, 2013, well over ten years after his judgment became final. Though Mr. Bynum has given no explanation for his untimely filing, the Court will nevertheless consider whether any of the limitations periods in § 2255(f) might apply. As Mr. Bynum filed his motion more than ten years after his judgment became final, his motion is untimely under § 2255(f)(1). *See, e.g., United States v. Mathur*, 685 F.3d 396, 397 (4th Cir. 2012); *United States v. Thomas*, 627 F.3d 534, 535 (4th Cir. 2010). The motion also does not appear not timely under §§ 2255(f)(2) or (f)(3), as it does not allege that the government created any impediments or mention any Supreme Court case or newly recognized right made retroactively applicable on collateral review. Likewise, Mr. Bynum does not argue that he filed his § 2255 within one year of the discovery of any new facts that support the claims presented. § 2255(f)(4).

Nor is equitable tolling available to render Mr. Bynum's petition timely. In order to be eligible for such tolling, the movant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Given that Mr. Bynum waited over ten years to file the instant petition, he has not satisfied the high threshold for equitable tolling. As the Court is unaware of any basis upon which to find the petition timely, the Court must dismiss Mr. Bynum's remaining claims.

4

Still pending on the docket are petitioner's motion to correct presentence report [DE 71] and the government's corresponding motion to dismiss [DE 74]. The arguments contained in these motions are superseded and mooted by petitioner's § 2255 and the government's instant motion to dismiss, and accordingly, are denied as moot.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied

### CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 84] is GRANTED and petitioner's motion to vacate [DE 79] is DISMISSED. Petitioner's motion to correct presentence report [DE 71] and the government's motion to dismiss [DE 74] are DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED this __7__ day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5